25 Civ. 08065 (JAV) (BCM)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RONALD DAVIDSON,

                              Plaintiff,

-against-

CITY OF NEW YORK, JONATHAN DARCHE, SERGEANTS BENEVOLENT ASSOCIATION, VINCENT VALLELONG, POLICE BENEVOLENT ASSOCIATION OF THE CITY OF NEW YORK, and PATRICK HENDRY,

                              Defendants.

**MEMORANDUM OF LAW IN SUPPORT OF THE CITY DEFENDANTS' MOTION TO DISMISS**

*MURIEL GOODE-TRUFANT*
*Corporation Counsel of the City of New York*
*Attorney for the City of New York and Jonathan Darche*
*100 Church Street, Room 2-124*
*New York, N.Y. 10007*

*Of Counsel: Eric Arbizo*
*Tel: (212) 356-3580*

## TABLE OF CONTENTS

MEMORANDUM OF LAW IN SUPPORT OF THE CITY DEFENDANTS' MOTION TO DISMISS ............................................................................................................. 1

PRELIMINARY STATEMENT ................................................................................... 4

STATEMENT OF FACTS ............................................................................................ 5

ARGUMENT .................................................................................................................. 8

      POINT I .............................................................................................................. 8

           PLAINTIFF CANNOT STATE A CLAIM UNDER THE RIGHT TO RECORD ACT BECAUSE HE WAS NOT GIVEN A BUSINESS CARD ............................................................................ 8

      POINT II ........................................................................................................... 10

           PLAINTIFF DOES NOT STATE A CLAIM UNDER § 1985, THE KU KLUX KLAN ACT ........................................................................................................ 10

      POINT III .......................................................................................................... 11

           PLAINTIFF'S FIRST AMENDMENT CLAIM FAILS BECAUSE HE WAS NOT RESTRICTED FROM SPEAKING AND HE FAILS TO ADEQUATELY ALLEGE PRIOR RESTRAINT ............................................................................. 11

CONCLUSION ............................................................................................................. 13

# TABLE OF AUTHORITIES

## Cases

*Levitch v. Columbia Broad. Sys., Inc.*, 495 F. Supp. 649 (S.D.N.Y. 1980) ...................... 10
*689 Eatery Corp. v. City of N.Y.*, 716 F. Supp. 3d 88 (S.D.N.Y. 2024) ........................... 12
*Cater v. New York*, 2019 U.S. Dist. LEXIS 17957 (S.D.N.Y. Feb. 4, 2019) ................... 11
*Dolan v. Connolly,* 794 F.3d 290, 296 (2d Cir. 2015) .......................................................... 10
*Laird v. Tatum*, 408 U.S. 1, 13-14 (1972) ............................................................................ 12
*Molina v. John Jay Inst. for Just. & Opportunity,* 2024 U.S. Dist. LEXIS 173356
  (S.D.N.Y. Sep. 24, 2024) .................................................................................................... 11
*O'Diah v. New York City,* 2002 U.S. Dist. LEXIS 15507 (S.D.N.Y. Aug. 21,
  2002) ................................................................................................................................... 10
*Philippeaux v. N. Cent. Bronx Hosp.*, 871 F. Supp. 640, 656 (S.D.N.Y. 1994) ............... 10
*Reyes v City of NY*, 2024 WL 4354877, 2024 US Dist LEXIS 179371 (SDNY
  Sep. 30, 2024, No. 23-CV-6369 (JGLC)) .......................................................................... 9
*Witharana v. N.Y.C. Taxi Limousine Comm'n*, No. 13-CV-4338 (ENV) (MDG),
  2013 U.S. Dist. LEXIS 132774 (E.D.N.Y. Sep. 11, 2013) ........................................... 10

## Statutes

N.Y. Civ. Rights Law § 79-p .................................................................................................. 8
N.Y.C. Admin. Code § 14-189 ............................................................................................... 8
New York Civil Rights Law § 79-p(1) ................................................................................. 8
Under N.Y.C. Administrative Code 14-174(c) .................................................................... 9

**PRELIMINARY STATEMENT**

Plaintiff Ronald Davidson ("Plaintiff") a former investigator for the New York City Civilian Complaint Review Board ("CCRB"), an agency of the City of New York ("City"). Plaintiff was employed from October 21, 2024, until his termination on December 10, 2024, following his failure to pass probation. In his complaint ("Complaint"), Plaintiff brings four claims arising from his employment with the City and one claim arising from an interaction that he initiated with six police officers at the Chambers Street subway station.

Plaintiff contends that he was discriminated against during his employment with the City based on a 1972 conviction for triple homicide, and that the Sergeants Benevolent Association ("SBA"), the Police Benevolent Association of the City of New York ("PBA"), Vincent Vallelong ("Vallelong") and Patrick Hendry ("Hendry") (collectively, "Union Defendants") pressured the City and Jonathan Darche ("City Defendants") to terminate Plaintiff's employment. Plaintiff's discrimination claims are alleged under the New York State Human Rights Law, NYS Executive Law § 296 ("NYSHRL"). Plaintiff also contends that the named defendants entered an agreement to terminate him that violates the Ku Klux Klan Act, 42 U.S.C. §§ 1985 and 1986 ("§ 1985" and "§ 1986," respectively) and constitutes tortious interference with contract by the Union Defendants. Next, Plaintiff contends in his fourth claim arising from his employment with the CCRB, that he was retaliated against for making a CCRB complaint and was barred from attending public CCRB meetings after his employment ended in violation of his First Amendment rights.

Finally, unrelated to his employment with the City, Plaintiff alleges that several police officers violated his rights under the "Right to Record Acts," N.Y. Civil Rights Law § 79-P and N.Y.C. Admin. Code § 14-189, when he approached the officers at a subway station, requested business cards, and was denied.

Pursuant to Federal Rule of Civil Procedure ("FRCP") 12(b)(6), the City Defendants now move to dismiss the Plaintiff's Right to Record Acts claims, his §1983 claims based on an alleged ban on entering CCRB premises, and his claims under the Ku Klux Klan Act. These claims are conclusory and fail to state a claim and, accordingly, should be dismissed.

## STATEMENT OF FACTS[1]

In 1972, Plaintiff was convicted of a triple homicide and spent 43 years in prison. *Id*. ¶¶ 14–15. Plaintiff was hired by the CCRB on October 21, 2024. Compl. ¶¶ 18, 20, 123, 125–126. Plaintiff alleges that there is a nine-week training period at the CCRB, after which a candidate is tested, but that Plaintiff's employment ended before the test was administered. *Id*. ¶ 47, 50, 133. Plaintiff alleges that the Union Defendants began to retaliate against him and the CCRB as soon as they learned that he was hired by the CCRB because of his past criminal history. *Id*. ¶¶ 31-32. On November 27, 2024, a N.Y. Post article was published that quoted Vallelong as saying, referring to Plaintiff, "[h]e was convicted of three homicides, so he should be disqualified from doing any investigations involving the NYPD and its members." *Id*. ¶ 33, n. 2. Vallelong is also quoted as saying Plaintiff "should not have access to sensitive materials involving

---

[1] This Statement of Facts is based on the allegations in the Complaint, which are presumed to be true solely for purposes of this motion to dismiss.

victims," *Id*. ¶ 34, and that "[w]e will protest every time [Plaintiff] is scheduled to sit in on a case against one of our members," and "[i]f CCRB wants to hire him, they should do it for another position." *Id*. ¶ 41. The head of PBA, Hendry, said, regarding Plaintiff, that "[p]olice officers should not be subjected to the judgment of someone who was convicted of three murders. Moreover, the NYPD should not be turning over mass amounts of sensitive law enforcement information to someone with this kind of criminal record." *Id*. ¶ 42. Hendry then continued: "If [Plaintiff] has any role in the CCRB's investigations, it not only jeopardizes our members' rights—it puts public safety at risk." *Id*. ¶ 43. The NYPD allegedly removed Plaintiff from a case in response to the Union Defendants' objections. *Id*. ¶ 37.

Plaintiff alleges that he had two conversations about his employment with his supervisor, Jonathan Darche ("Darche"). *Id*. ¶¶ 51, 67. On December 3, 2024, Plaintiff and Darche met in Darche's office where Darche indicated to Plaintiff that he wanted to discuss the comments and complaints made by the police unions. *Id*. ¶¶ 51–52. Darche went on to tell Plaintiff that the situation with the unions was uglier than he had hoped, that Plaintiff did nothing wrong and he wanted to figure out a way to keep Plaintiff employed, but if Plaintiff did not pass the [probation] test there would be pressure to fire him, and that Darche had a hunch that the PBA or SBA went to the N.Y. Post to publish an article critical of Plaintiff, among other things. *Id*. ¶¶ 51–66. Darche met Plaintiff again on December 6, 2024. *Id.* ¶ 67. During the December 6 meeting, Darche told Plaintiff that Plaintiff needed to "not rock the boat" and lie low, and that Darche had been "getting emails from people who saw the Post article." *Id*. ¶¶ 67, 69, 73, 75. Darche also

6

told Plaintiff that he had a solution to the unions' attacks, which was for Plaintiff not to attend public CCRB meetings. *Id*. ¶ 77.

On December 9, 2024, Plaintiff approached six NYPD officers at the Chambers Street subway station engaged in unspecified behavior that Plaintiff "perceived as misconduct." *Id*. ¶ 78–79. Plaintiff asked the officers for their business cards but was refused. *Id*. ¶ 82. One officer responded, "I don't have any cards." *Id*. ¶¶ 80–83. Plaintiff then asked the officer "if you don't have any cards, can you please write your name, shield number, and command on a piece of paper?" *Id*. ¶ 85. The officer responded, "I don't have any paper." *Id*. ¶ 89. Plaintiff then wrote down descriptions of the officers and filed a CCRB complaint about the conduct ("CCRB Complaint"). *Id*. ¶¶ 92–93. Plaintiff alleges that his CCRB Complaint was closed unusually quickly, he was not contacted by a CCRB investigator, and that based on information and belief, the CCRB did not conduct a reasonable investigation in retaliation against Plaintiff and in coordination with the SBA and PBA. *Id*. ¶¶ 101–02, 105.

On December 10, 2024, Plaintiff's employment ended when CCRB employee Jennel Brooks handed Plaintiff a letter terminating his employment with the City due to his failure to pass probation. *Id*. ¶¶ 125–26. Brooks told Plaintiff that Darche made the decision to fire Plaintiff and that Plaintiff was "putting too much heat on the agency." *Id*. ¶127–29. Plaintiff alleges that his employment was ended in retaliation for his CCRB Complaint, *Id*. ¶ 123, and that in return for firing Plaintiff the Union Defendants agreed to stop attacking the CCRB. *Id*. ¶¶ 123, 168–69.

Plaintiff also alleges that after his employment ended, Darche imposed a bar, "enforced by all members of the agency," on Plaintiff entering the CCRB. *Id*. ¶¶ 140–42.

7

Plaintiff alleges that the bar prevents him from filing complaints in person and attending or speaking at the CCRB's public monthly meeting. *Id*. ¶¶ 143–46. Plaintiff does not allege that he attempted to enter the CCRB or attend any public hearings.

## ARGUMENT

### POINT I

**PLAINTIFF CANNOT STATE A CLAIM UNDER THE RIGHT TO RECORD ACT BECAUSE HE WAS NOT GIVEN A BUSINESS CARD**

Plaintiff cannot state a claim under the "Right to Record Acts," N.Y. Civ. Rights Law § 79-p and N.Y.C. Admin. Code § 14-189, merely because police officers did not give him a business card upon request. The Right to Record Acts protect Plaintiff's right to record police activity, which he did unimpeded, but there is no private right of action when an officer, who did not initiate the interaction, does not provide a business card upon request.

Plaintiff claims that he was prevented from recording police activity because officers did not have their business cards on them and did not offer Plaintiff paper for him to write with. *See* Compl. ¶ 80–89. New York Civil Rights Law § 79-p(1) defines "record" as "to capture or attempt to capture any moving or still image, sound, or impression through the use of any recording device, camera, or any other device capable of capturing audio, moving or still images, or by way of written notes or observations." *Id. See also* N.Y.C. Admin. Code 14-189(a) (offering an identical definition under municipal law). New York Civil Rights Law § 79-p(2) further provides that "[a] person not under arrest or in the custody of a law enforcement official has the right to record law enforcement activity and to maintain custody and control of that recording and of any

8

property or instruments used by that person to record law enforcement activities…." *Id. See also* N.Y.C. Admin. Code 14-189(b) (offering a substantially similar right under municipal law). Plaintiff does not allege that he was prevented from recording any law enforcement activity. Plaintiff initiated an interaction with the officers to ask them for business cards, and after being denied cards, alleges that he wrote down descriptions of the officers. The officers never interfered with Plaintiff and he made, in fact, a written record. *See* Compl. ¶¶ 92–93. Plaintiff cites no authority, and there is none, for the remarkable proposition that an officer violates Plaintiff's right to record police activity by not providing business cards or a pen and paper. *See Reyes v City of NY*, 2024 WL 4354877, 2024 US Dist LEXIS 179371, at *24 (SDNY Sep. 30, 2024, No. 23-CV-6369 (JGLC)) ("Where the language of a statute is clear and unambiguous, that meaning controls without need for further inquiry.") (quotations omitted). Accordingly, Plaintiff's claims under the Right to Record Acts should be dismissed.

    Plaintiff also alleges that he is entitled by law to request an officer's business card. Compl. ¶ 81. Plaintiff correctly asserts that he may make that request. Under N.Y.C. Administrative Code 14-174(c), an officer "shall offer a business card to any person requesting identifying information," *Id.,* but section 14-174 expressly states that it does not create any private right of action. N.Y.C. Admin. Code 14-174(g)(2) ("Nothing in this section or in the implementation thereof shall be construed to…[c]reate a private right of action on the part of persons or entity against the city of New York…."). Plaintiff has no private right of action, no injury, and has not stated a claim after he initiated an interaction with several officers to request their business cards and was denied, and Plaintiff's claim should be dismissed.

## POINT II

## PLAINTIFF DOES NOT STATE A CLAIM UNDER § 1985, THE KU KLUX KLAN ACT

Plaintiff fails to state a claim under the § 1985 because he does not allege a conspiracy based on racial animus or any other characteristic protected under federal law took place. Plaintiff alleges that the animus from the Union Defendants was based on his earlier conviction. Accordingly, his claims under § 1985 and § 1986 should be dismissed.

"To assert a claim under Section 1985(3), plaintiff must allege that the defendants have, with racial or other class-based discriminatory animus, conspired to deprive him of a constitutional or other federal right." *Philippeaux v. N. Cent. Bronx Hosp.*, 871 F. Supp. 640, 656 (S.D.N.Y. 1994); *see also O'Diah v. New York City,* 2002 U.S. Dist. LEXIS 15507 at *40 (S.D.N.Y. Aug. 21, 2002). Section 1985 applies only when the animus is racial or "the type of inherited or immutable characteristics sufficient to satisfy the class-based animus requirement." *Dolan v. Connolly*, 794 F.3d 290, 296 (2d Cir. 2015). "It is now settled that § 1985 does not itself provide substantive constitutional rights, but rather provides a vehicle by which existing constitutional rights may be vindicated." *Levitch v. Columbia Broad. Sys., Inc.*, 495 F. Supp. 649, 659 (S.D.N.Y. 1980). Plaintiff fails to allege that the conspiracy among the defendants in this matter was motivated by race, any immutable characteristic, or any other constitutionally protected characteristic because criminal history is not a protected class under constitutional or federal law. *See Witharana v. N.Y.C. Taxi Limousine Comm'n*, No. 13-CV-4338 (ENV) (MDG), 2013 U.S. Dist. LEXIS 132774, at *5-6 (E.D.N.Y. Sep. 11, 2013) ("Federal law does not protect individuals against discrimination based on criminal history."); *see also Molina v. John Jay Inst. for Just. & Opportunity,* 2024 U.S. Dist. LEXIS 173356, at *17 (S.D.N.Y.

Sep. 24, 2024) ("[Section 1981] and Title VII do not protect against employment discrimination based upon a prior conviction.") (quotations omitted). Plaintiff now seeks to use § 1985 to expand federal employment protections beyond their scope, and his claims should be dismissed because § 1985 expressly does not provide new substantive rights. *Levitch*, 495 F. Supp. at 659.

Moreover, § 1985 may not be used to address employment-related claims closely related to those under Title VII. *See Cater v. New York*, 2019 U.S. Dist. LEXIS 17957, at *12 (S.D.N.Y. Feb. 4, 2019) ("the Supreme Court has held that employment discrimination is not actionable under § 1985(3))." Plaintiff's employment claims under § 1985 closely resemble employment discrimination claims under Title VII, and he even alleges discrimination based on the same set of facts. Plaintiff's claims should be dismissed under § 1985 because it is not the correct vehicle to address Plaintiff's employment discrimination claims, § 1985 does not create new federal rights, and no authority exists supporting that Plaintiff can properly assert his claims under § 1985.

Plaintiff's § 1986 claims fail because they are contingent on his § 1985 claims, and, therefore, both Plaintiff's § 1985 and § 1986 claims should be dismissed because a prior conviction is not a protected class under Federal Law and § 1985 may not be used, as Plaintiff attempts, to bring employment discrimination claims.

### POINT III

**PLAINTIFF'S FIRST AMENDMENT CLAIM FAILS BECAUSE HE WAS NOT RESTRICTED FROM SPEAKING AND HE FAILS TO ADEQUATELY ALLEGE PRIOR RESTRAINT**

Plaintiff's claim that Darche, his supervisor at the CCRB, "imposed a wholesale bar—enforced by all members of the agency—on Plaintiff entering the CCRB" is

11

insufficient to state a §1983 claim against the City Defendants because the alleged bar does not constitute a prior restraint on speech because Plaintiff never alleges that he was actually prevented from entering CCRB.

The alleged bar on entering the CCRB does not constitute a prior restraint under First Amendment law. "The Second Circuit has explained [a] 'prior restraint' on speech is a law, regulation or judicial order that suppresses speech—or provides for its suppression at the discretion of government officials—on the basis of the speech's content and in advance of its actual expression." *689 Eatery Corp. v. City of N.Y.*, 716 F. Supp. 3d 88, 199 (S.D.N.Y. 2024) (quotations omitted). The alleged bar on entering the CCRB office is not a prior restraint by the City because it is not a law, regulation, or order. Plaintiff's conclusory allegation that the bar is "enforced by all members of the agency" is entirely unsupported by factual allegations in the Complaint. *See* Compl. ¶ 142. "Allegations of a subjective 'chill' are not an adequate substitute for a claim of specific present objective harm or a threat of specific future harm…." *Laird v. Tatum*, 408 U.S. 1, 13-14 (1972). Plaintiff never tried to enter the CCRB after the alleged ban, was never threatened with any harm if he tried, and does not allege even a single instance of the ban being enforced. Plaintiff's conclusory allegations, and his mere perception that his speech was restricted, are insufficient to state a First Amendment claim against the City of New York. *See e.g. Reyes v. City of N.Y.*, No. 23-CV-6369 (JGLC), 2024 WL 4354877, 2024 U.S. Dist. LEXIS 179371 at *9 (S.D.N.Y. Sep. 30, 2024) (a plaintiff must allege *facts* sufficient to state a claim). Here, Plaintiff has failed to allege any facts that this purported bar actually prevented him from entering CCRB and his claim of subjective chill on his speech should be dismissed.

## CONCLUSION

**WHEREFORE**, City Defendants respectfully requests that their motion to dismiss the complaint in part be granted, and that all claims except Plaintiff's First Amendment retaliation claim and NY State Law discrimination claims are dismissed, together with such other and further relief as the Court deems just and proper.

Dated:    New York, New York
            December 11, 2025

**MURIEL GOODE-TRUFANT**
Corporation Counsel of the
City of New York
Attorney for City Defendants
100 Church Street, Room 2-124
New York, New York 10007
(212) 356-3580
earbizo@law.nyc.gov

By: *Eric Arbizo*
     Eric Arbizo
     Assistant Corporation Counsel

13