UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------X   25-CV-8065 (JAV) (BCM)

RONALD DAVIDSON,

        Plaintiff,

  -against-

THE CITY OF NEW YORK, JONATHAN DARCHE,
SERGEANTS BENEVOLENT ASSOCIATION, VINCENT
VALLELONG, POLICE BENEVOLENT ASSOCIATION OF
THE CITY OF NEW YORK, AND PATRICK HENDRY,

        Defendants.

------------------------------------------------------------------------X

# MEMORANDUM OF LAW IN SUPPORT OF THE MOTION TO DISMISS BY DEFENDANTS SERGEANTS BENEVOLENT ASSOCIATION AND VINCENT VALLELONG

THE QUINN LAW FIRM PLLC
Attorneys for the SBA and Vincent Vallelong
399 Knollwood Road, Suite 220
White Plains, NY 10603
(914) 997-0555

## **TABLE OF CONTENTS**

Introduction..................................................................................................................................1

Preliminary Statement ...............................................................................................................1

Pertinent Facts ............................................................................................................................2

Argument ....................................................................................................................................4

    POINT I    PLAINTIFF DOES NOT AND CANNOT PLAUSIBLY ALLEGE
                    A NYSHRL CLAIM AGAINST THE SBA OR MR. VALLELONG ........................5

    POINT II   PLAINTIFF DOES NOT AND CANNOT PLAUSIBLY ALLEGE A CIVIL
                    CONSPIRACY CLAIM UNDER 42 U.S.C. SECTIONS 1985 OR 1986...................8

    POINT III  PLAINTIFF'S RIGHT TO RECORD ACT CALIMS FAIL AS
                    AGAINST THE SBA AND MR. VALLELONG ......................................................9

    POINT IV  PLAINTIFF'S CLAIM FOR TORTIOUS INTEREFERENCE OF CONTRACT
                    FAILS AS AGAINST THE SBA AND MR. VALLELONG................................11

Conclusion. ...............................................................................................................................13

# TABLE OF AUTHORITIES

**Cases**                                                                                                           **Page(s)**

*106 N. Broadway, LLC v. Lawrence,*
 189 A.D.3d 733 (2d Dep't 2020)......................................................................................13

*Artemov v. City of New York,* 2
 024 U.S. Dist. LEXIS 61570 (E.D.N.Y. April 3, 20224)..............................................8

*Ashcroft v. Iqbal,*
 556 U.S. 662 (2009).....................................................................................................4, 5

*Bell Atlantic Corp. v. Twombly,*
 550 U.S. 544 (2007).....................................................................................................4, 5

*Bennett v. State Farm Fire & Cas. Co.,*
 137 A.D.3d 731 (1st Dep't 2016).....................................................................................11

*Brown v. City of Oneonta,*
 221 F.3d 329 (2d Cir. 2000).........................................................................................8, 9

*Chambers v. Time Warner, Inc.,*
 282 F.3d 147 (2d Cir. 2002)............................................................................................5

*Cine SK8, Inc. v. Town of Henrietta,*
 507 F.3d 778 (2d Cir. 2007)............................................................................................8

*Clemmons v Hodes,*
 2017 U.S. Dist. LEXIS 158550 (S.D.N.Y. 26, 2017),....................................................8

*Conte v. Emmons,*
 895 F. 3d 168 (2d Cir. 2018).........................................................................................11

*Cooper v. Town of East Hampton,*
 888 F. Supp. 376 (E.D.N.Y. 1995).................................................................................7

*Doe v. Fenchel,*
 837 Fed App. 67 (2d Cir. 2021)......................................................................................8

*Dolan v. Connolly,*
 794 F.3d 290 (2d Cir. 2015).........................................................................................8, 9

*Falls v. Campbell,*
  2019 U.S. Dist. LEXIS 45090 (S.D.N.Y. March 19, 2019) ......................................................... 8

*Flaherty v. Dixon,*
  2023 U.S. Dist. LEXIS 26876 (S.D.N.Y. Feb. 16, 2023) ........................................................... 12

*Griffin v. Sirva, Inc.,*
  858 F.3d 69 (2d Cir. 2017) .......................................................................................................... 6

*Guard-Life Corp. v. Parker Hardware Mfg. Corp.,*
  50 N.Y.2d 183 (1980) ................................................................................................................ 13

*Hearst Comms., Inc. v. Rugs Am. Corp.,*
  2025 U.S. LEXIS 158583 (S.D.N.Y. Aug. 15, 2025) ............................................................. 4, 5

*Laurent v. G&G Bus. Serv., Inc.,*
  2012 U.S. Dist. LEXIS 208693 (S.D.N.Y. Feb. 21, 2012) ......................................................... 6

*L.K. v. Sewanhaka Central High School Distr.,*
  641 Fed Appx. 56 (2d Cir. 2016) ................................................................................................ 9

*Miller v. Livanis,*
  189 A.D.3d 446 (1st Dep't 2020) .............................................................................................. 13

*Morales v. City of N.Y.,*
  2025 U.S. Dist. LEXIS 142860 (E.D.N.Y. July 25, 2025) ....................................................... 10

*Rich v. Fox News Network, LLC,*
  939 F. 3d 112 (2d Cir. 2019) ..................................................................................................... 11

*Smalley v. Dreyfus Corp.,*
  10 N.Y.3d 55 (2008) .................................................................................................................. 12

*Stapleton v. New York City Dep't of Educ.,*
  2025 U.S. Dist. LEXIS 13798 (S.D.N.Y. July 18, 2025) ........................................................... 6

*Stuart's, LLC v. Edelman,*
  196 A.D.3d 711 (2d Dep't 2021) ............................................................................................... 12

*Thomas v. Roach,*
  165 F3d 137 (2d Cir. 1999) ........................................................................................................ 8

| Statute(s) | Page(s) |
|---|---|
| N.Y. Civil Rights Law §79-p(1)(c) | 9 |
| N.Y. Civil Rigts Law §79-p(2) | 9 |
| N.Y. Corrections Law §752 | 6 |
| N.Y.C. Admin. Code §14-189(a) | 10 |
| N.Y.C. Admin. Code §14-189(b) | 10 |
| N.Y.H.R.L. §296(15) | 5 |
| N.Y.H.R.L. §296(6) | 6 |

## Introduction

Defendants Sergeants Benevolent Association ("SBA") and Vincent Vallelong ("Mr. Vallelong"), by their undersigned attorneys, respectfully submit this memorandum of law in support of their motion, pursuant to Rule 12(b)(6), dismissing the complaint of plaintiff Ronald Davidson ("Plaintiff" or "Mr. Davidson") with prejudice.

## Preliminary Statement

This is an employment case. After serving 43 years in prison for triple homicide, Plaintiff was hired on a probationary basis by the Civilian Complaint Review Board ("CCRB"). He was fired by the CCRB during the eighth week of his probationary period. Plaintiff now claims that his termination by the CCRB was unlawfully influenced by the defendants. As against the SBA and Mr. Vallelong, Plaintiff asserts an aiding and abetting claim under the New York Human Rights Law ("NYSHRL"); a civil conspiracy claim brought under 42 U.S.C. §§1985 and 1986; claims for relief under the New York State and New York City "Right to Record" statutes; and a claim for tortious interference with contract.

For the reasons detailed below, the complaint must be dismissed as against the SBA and Mr. Vallelong. First, the NYSHRL claim fails because the complaint does not specifically allege any wrongful conduct by the SBA or Mr. Vallelong that could be construed as aiding or abetting an unlawful practice. In fact, the only specific allegations concern opinions by Mr. Vallelong that were published in a newspaper article which (i) are protected by the First Amendment; and (ii) do not even call for Plaintiff to be terminated. *See* Point I. Second, Plaintiff's civil conspiracy claims fail because he has not alleged race- or class-based discriminatory conduct and, even assuming he had, the allegations are impermissibly generalized and conclusory. *See* Point II. Third, Plaintiff's claim under the "Right to Record" statutes fail on the merits because

Plaintiff has not alleged that a police officer interfered with his ability to record police misconduct; he only claims that an officer failed to turn over a business card or write his own pedigree information on a piece of paper. Moreover, Plaintiff has not specifically alleged that the SBA or Mr. Vallelong were involved in any alleged misconduct. *See* Point III. Finally, Plaintiff has not alleged that he entered into a contract of employment, or that the SBA or Mr. Vallelong engaged in any wrongful conduct in interfering with any such contract or with any prospective business relations between him and the CCRB. *See* Point IV.

In sum, Plaintiff's complaint fails to plausibly allege any claims for relief against the SBA or Mr. Vallelong. Accordingly, for the reasons detailed below, their motion to dismiss should be granted.

**Pertinent Facts**

The pertinent facts are set forth in Plaintiff's complaint, a copy of which is annexed as **Exhibit A** to the accompanying declaration of Lalit K. Loomba, Esq. All citations herein using the form "(¶__)" are to paragraphs in the Plaintiff's complaint.

Plaintiff is a resident of the state of New York. (¶1) The SBA is a corporation with its principal place of business at 35 Worth Street, New York, New York. (¶4) Mr. Vallelong is the president and head of the SBA. (¶5)

Plaintiff was convicted of a triple homicide in 1972. (¶14) He served 43 years in prison (¶15), and was released in 2016. (¶17) On August 30, 2024, Plaintiff was hired by the New York Civilian Complaint Review Board ("CCRB") as an "Investigator-Level 1." (¶18) Plaintiff was fired by the CCRB during the eighth week of his probationary period. (¶30)

In a New York Post Article (**Exhibit B**), Mr. Vallelong opined that Plaintiff "was convicted of three homicides, so he should be disqualified from doing any investigations

involving the NYPD and its members." (¶33); *see also* New York Post Article ("Article") (Ex. B). In the same article, Mr. Vallelong was quoted as stating that Plaintiff "should not have access to sensitive materials involving victims" (¶34); that "We will protest every time [Plaintiff] is scheduled to sit in on a case against one of our members" (¶41); and that "If CCRB wants to hire [Plaintiff], they should do it for another position." *Id.*

Plaintiff alleges that Mr. Vallelong, either personally or through a subordinate, caused the SBA to protest Plaintiff's participation in a specific case, (¶36), and that this caused defendant City of New York (the "City") to remove Plaintiff from that case. (¶37) Plaintiff also expressed his view that Mr. Vallelong's demand was the equivalent of a "demand that Plaintiff not be allowed to work at the CCRB." (¶38)

On December 9, 2024, as Plaintiff was exiting the subway near Chambers Street, he saw four members of the NYPD's Strategic Response Group and two regular officers engaged in what he perceived to be misconduct. (¶78) Plaintiff asked all the officers involved for business cards, but they refused his request. (¶¶80-92) Plaintiff then filed a complaint about the incident with the CCRB. (¶93) His complaint was "marked closed" on January 14, 2025. (¶99) Plaintiff alleges, "on information and belief," that the "CCRB closed the complaint as part of its coordination with Defendants SBA and the [Police Benevolent Association] and retaliation against Plaintiff." (102) Plaintiff alleges that the CCRB violated its own policy in closing the complaint so quickly. (¶¶103-122)

Plaintiff alleges that the City decided to fire Plaintiff in retaliation for the filing of his CCRB complaint on December 9, 2024. (¶123) Plaintiff alleges, without providing any detail, that the "City made that decision after demands and discussions with the PBA and the SBA." (¶124) Plaintiff alleges that when he was fired, a CCRB official named Jennel Brooks told him

it was because he was "putting too much heat on the agency." (¶129) Plaintiff interpreted Ms. Brook's statement as referring to a "pressure campaign by Defendants PBA and SBA." (¶130)

The complaint sets forth five claims for relief, of which only the second, third, fourth and fifth include claims against the SBA and Mr. Vallelong. The first claim for relief is a Section 1983 first amendment retaliation claim against defendants City of New York and Plaintiff's CCRB supervisor, defendant Jonathan Darche. (¶¶150-159) The second claim for relief alleges unlawful discrimination and aiding and abetting discrimination in violation of Sections 296(15) and 296(6) of the NYSHRL against all Defendants. (¶¶160-164) The third claim alleges a civil conspiracy against all defendants in violation of 42 U.S.C. §§1985 and 1986 against all Defendants. (¶¶165-171). The fourth claim alleges a violation of the New York City and New York State "Right to Record" statutes against all Defendants. (¶¶172-179) Finally, the fifth claim for relief alleges a state-law claim alleging tortious interference with contract against the SBA and PBA Defendants. (¶¶180-187)

## Argument

This Court recently summarized the applicable standards for a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Hearst Comms., Inc. v. Rugs Am. Corp.*, 2025 U.S. LEXIS 158583, at *4-5 (S.D.N.Y. Aug. 15, 2025) (Vargas, J.).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Where the facts do not permit the court to infer more than the mere possibility of misconduct,

the complaint has alleged, but not shown, that the plaintiff is entitled to relief." *Id.* 679.

In deciding a motion to dismiss a complaint, the Court "should assume [the] veracity" of the allegations and then "determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 and 678. While a plaintiff is not required to assert detailed factual allegations to survive a motion to dismiss, the complaint demands more than "'an unadorned, the defendant-unlawfully-harmed-me accusation.'" *Id.,* quoting *Twombly*, 550 U.S. at 555. "Determining whether a complaint states a plausible claim . . . will be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679 (citation omitted). Finally, when "evaluating a Rule 12(b)(6) motion, courts may consider documents that are attached to, integral to, or incorporated by the pleadings." *Hearst Comms.,* 2025 U.S. Dist. LEXIS 158583, at *5, citing *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152-53 (2d Cir. 2002).

## POINT I

### PLAINTIFF DOES NOT AND CANNOT PLAUSIBLY ALLEGE A NYSHRL CLAIM AGAINST THE SBA OR MR. VALLELONG

Section 296(15) of the NYSHRL provides, in relevant part, that it "shall be an unlawful discriminatory practice for any person . . . to deny . . . employment to any individual by reason of his . . . having been convicted of one or more criminal offenses . . . when such denial is in violation of the provisions of Article 23-A of the correction law." N.Y.H.R.L. §296(15). In relevant part, Article 23-A of the Corrections Law provides that "No application for . . . employment . . . shall be denied or acted upon adversely by reason of the individual's having been previously convicted or one or more criminal offenses . . . unless: (1) there is a direct relationship between one or more of the previous criminal offenses and the . . . employment sought or held by the individual, or (2) . . . the granting or continuation of the employment would

involve an unreasonable risk to property or the safety or welfare of specific individuals or the general public." N.Y. Corrections Law §752. Finally, Section 296(6) of the NYSHRL provides, in relevant part, that it "shall be an unlawful discriminatory practice for any person to aid, abet, incite, compel or coerce the doing of any of the acts forbidden under this article, or to attempt to do so." N.Y.H.R.L. §296(6).

A non-employer can be liable for a violation of NYHRL Section 296(15) to the extent that it "aids or abets employment discrimination against individuals with a prior criminal conviction." *Griffin v. Sirva, Inc.*, 858 F.3d 69, 70 (2d Cir. 2017). However, to survive a motion to dismiss, a complaint alleging an aiding and abetting claim must do more than make a conclusory allegation that a defendant aided and abetted discrimination. *See Laurent v. G&G Bus. Serv., Inc.*, 2012 U.S. Dist. LEXIS 208693, at *29 (S.D.N.Y. Feb. 21, 2012) (conclusory allegations that a defendant "aided [and] abetted" discriminatory conduct "fail to state a claim that is plausible on its face"); *see also Stapleton v. New York City Dep't of Educ.*, 2025 U.S. Dist. LEXIS 13798 (S.D.N.Y. July 18, 2025) (Vargas, J.) (conclusory allegations insufficient to survive motion to dismiss).

Here, Plaintiff offers no more than conclusory allegations that Mr. Vallelong or the SBA actually participated in any decision by the CCRB to fire Plaintiff. Thus, Plaintiff alleges that the SBA and Mr. Vallelong "protested" his involvement with a CCRB case and that his termination by the CCRB was made after discussions with them. (¶¶36, 124, 129-130) However, the complaint lacks any detail about specific statements or communications by which the SBA or Mr. Vallelong exercise, or even attempted to exercise, influence over the CCRB's employment decision. Indeed, given that the SBA and the CCRB are regularly in an adversarial relationship when it comes to CCRB's role in investigating civilian complaints against NYPD Sergeants, it

would be implausible to assume, as Plaintiff asks this Court to do, that the SBA or Mr. Vallelong would ever have influence over CCRB's own hiring or employment decisions.

Plaintiff attempts to add some detail by quoting the New York Post Article, but in pleading his claim for relief he conspicuously omits significant language. Thus, in paragraph 164, within the claim for relief, Plaintiff states that Mr. Vallelong was opposed to him working at CCRB because he "'he was convicted of three homicides, so he should be disqualified.'" Complaint, at ¶164, quoting N.Y. Post Article. Mr. Vallelong's complete statement, however, was that Plaintiff "should be disqualified from doing any investigations involving the NYPD and its members." Complaint, at ¶33. And Mr. Vallelong went on to state: "If CCRB wants to hire him, they should do it for another position." *Id.* at ¶41. Accordingly, in expressing his opinion, Mr. Vallelong did not call for Plaintiff to be terminated; he merely gave a statement to the press that Plaintiff should be given a position at CCRB that would not put him directly across the table from an SBA member during the CCRB's investigatory interview of the member. *See* Article (Ex. B). In the absence of specific allegations detailing how Mr. Vallelong, or the SBA, played a role in the decision to terminate Plaintiff, his aiding and abetting claim against them must be dismissed.

Moreover, Mr. Vallelong has a First Amendment protected right to express his opinions. *E.g., Cooper v. Town of East Hampton,* 888 F. Supp. 376, 379 (E.D.N.Y. 1995) ("A public official's right to speak to the press and the public about his/her concerns or views is certainly protected by the First Amendment.") Because the only specific facts in the complaint concerning alleged coordination between Mr. Vallelong and the CCRB are his published opinions in the New York Post Article, Plaintiff's aiding and abetting claim fails. The theory of Plaintiff's complaint appears to be that Mr. Vallellong's published views are just the "tip of the

iceberg," and that he *must have had* additional communications with the CCRB. Conclusory and generalized allegations of this sort are not sufficient to plausibly state a claim for relief. *See, e.g., Falls v. Campbell,* 2019 U.S. Dist. LEXIS 45090, at *21 (S.D.N.Y. March 19, 2019).

In short, the complaint is devoid of specific factual allegations referencing specific things that the SBA or Mr. Vallelong said or did that would be sufficient to allow this Court to plausibly infer that either the SBA or Mr. Vallelong aided and abetted a violation of Section 296(15). Plaintiff's NYSHRL claim as against the SBA and Mr. Vallelong must therefore be dismissed.

## POINT II
### PLAINTIFF DOES NOT AND CANNOT PLAUSIBLY ALLEGE A CIVIL CONSPIRACY CLAIM UNDER 42 U.S.C. SECTIONS 1985 OR 1986

To allege a viable claim under 42 U.S.C. §1985, a plaintiff must allege specific facts demonstrating "'[i] a conspiracy; [ii] for the purpose of depriving, either directly or indirectly, any person or class of persons of equal protection of the laws; [iii] an act in furtherance of the conspiracy; whereby [iv] a person is deprived of any right of a citizen of the United States.'" *Clemmons v Hodes,* 2017 U.S. Dist. LEXIS 158550 (S.D.N.Y. 26, 2017), quoting *Brown v. City of Oneonta,* 221 F.3d 329, 341 (2d Cir. 2000). "The conspiracy must also be 'motivated by some racial or perhaps otherwise class-based, invidious discriminatory animus.'" *Dolan v. Connolly,* 794 F.3d 290, 296 (2d Cir. 2015), quoting *Cine SK8, Inc. v. Town of Henrietta,* 507 F.3d 778, 791 (2d Cir. 2007). Finally, it is well settled that conspiracy allegations must be made in detail, and that conclusory allegations of a conspiracy are not sufficient to survive a motion to dismiss. *See Thomas v. Roach,* 165 F3d 137, 147 (2d Cir. 1999); *Artemov v. City of New York,* 2024 U.S. Dist. LEXIS 61570, at *7 (E.D.N.Y. April 3, 20224), citing *Doe v. Fenchel,* 837 Fed App. 67, 68-69 (2d Cir. 2021).

In the instant case, Plaintiff's 42 U.S.C. §1985 conspiracy claim fails for two basic reasons. First, Plaintiff, who is white,[1] has not and cannot allege that any alleged conspiracy to violate his rights was motivated by racial or any other class-based, invidious discriminatory animus. *See Dolan,* 794 F.3d at 296. Second, the complaint is utterly devoid of any details concerning the alleged conspiracy, including who reached an agreement, when, where or how. In the absence of even the most basic factual details, Plaintiff's conspiracy claim under 42 U.S.C. §1985 must be dismissed.

Because Plaintiff's Section 1985 conspiracy claim is not plausible on its face, his derivative claim pursuant to 42 U.S.C. §1986 for neglect or refusal to prevent a Section 1985 conspiracy must fail as well. *See Brown,* 221 F.3d at 341; *L.K. v. Sewanhaka Central High School Distr.,* 641 Fed Appx. 56, 59 (2d Cir. 2016).

## POINT III
### PLAINTIFF'S RIGHT TO RECORD ACT CLAIMS FAIL AS AGAINST THE SBA AND MR. VALLELONG

Section 79-p(2) of the New York Civil Rights Law provides, in relevant part, that a "person not under arrest or in the custody of a law enforcement official has the right to record law enforcement activity." N.Y. Civil Rigts Law §79-p(2). Under Section 79-p(1), the term "record" means to "capture or attempt to capture any moving or still image, sound, or impression through the use of any recording device, camera, or any other device capable of capturing audio, moving or still images, or by way of written notes or observations." N.Y. Civil Rights Law §79-p(1)(c).

---

[1] Plaintiff's picture is featured in the New York Post Article referenced throughout the complaint, and attached here as Exhibit B, which this Court may therefore review in considering a motion to dismiss. *See **Bronx man once convicted of triple murder, passed over by NYU for security job lands gig with NYPD watchdog**,* By Larry Celona, Kevin Sheehan and Steve Janoski, New York Post, November 27, 2024 | 5:49pm (https://nypost.com/2024/11/27/us-news/bronx-man-once-convicted-of-triple-murder-passed-over-by-nyu-for-security-job-lands-gig-with-nypd-watchdog/)

Section 14-189 of the New York City Administrative Code provides, similarly, that a "person may record police activities and maintain custody and control of any such recording and of any property or instruments used in such recording." N.Y.C. Admin. Code §14-189(b). Under Section 14-189(a), the term "record" means "to capture or attempt to capture any moving or still image, sound, or impression through the use of any recording device, camera, or any other device capable of capturing audio, moving or still images, or by way of written notes or observations." N.Y.C. Admin. Code §14-189(a).

Plaintiff alleges that on December 9, 2024; while exiting a subway station, he saw four members of the NYPD's SRG Unit and two regular officers engaged in "what [Plaintiff] perceived as misconduct." (¶80) Plaintiff claims that he politely asked for their business cards and identification. *Id.* When an officer said he did not have any cards, Plaintiff alleges that he asked the officer to write down his identifying information on a piece of paper. (¶85) In response, the officer allegedly said "I don't have any paper." (¶89)[2]

These allegations, even assuming their truth, do not plausibly allege a violation of either Section 79-p or Section 14-189. The plain purpose of both statues is to prevent police from interfering with a person's ability to record policy activity. *See, e.g., Morales v. City of N.Y.*, 2025 U.S. Dist. LEXIS 142860, at *29 (E.D.N.Y. July 25, 2025). Plaintiff has not alleged that he attempted to record police activity by means of a video, a camera, or even a pen and paper. Instead, Plaintiff alleges that his request for identifying information either printed on a business card or written on a piece of paper was denied. This conduct simply does not make out a violation of either right to record statute.

---

[2] Notably, there are no allegations that any of the officers who Plaintiff observed were Sergeants. Mr. Vallelong is the president of the Sergeant's Benevolent Association which represents Sergeants, not Police Officers. Thus, Mr. Vallelong would not and could not direct the conduct of Police Officers who are not in his union.

Even assuming, *arguendo,* that the complaint plausibly alleged a violation of the right to record statutes, which it does not, the complaint is devoid of any allegation that the SBA or Mr. Vallelong participated in or otherwise authorized or ratified conduct constituting any such violation. Plaintiff's clams under the right to record statutes should therefore also be dismissed on grounds that Plaintiff has not alleged the personal involvement of the SBA or of Mr. Vallelong.

## POINT IV
### PLAINTIFF'S CLAIM FOR TORTIOUS INTERFERENCE OF CONTRACT FAILS AS AGAINST THE SBA AND MR. VALLELONG

To plausibly allege a common-law claim for tortious interference with contract, a plaintiff must allege "(1) the existence of a valid contract between the plaintiff and a third party, (2) defendant's knowledge of that contract, (3) defendant's intentional procurement of the third-party's breach of the contract without justification, (4) actual breach of the contract . . . (5) damages resulting therefrom and (6) that the contract would not have been breached but for the defendant's conduct." *Rich v. Fox News Network, LLC*, 939 F. 3d 112, 126-127 (2d Cir. 2019) (interna quotation marks and citations omitted); *see also Conte v. Emmons*, 895 F. 3d 168, 171 (2d Cir. 2018).

Plaintiff's claim for intentional interference with contract fails for at least three reasons. First, Plaintiff has not alleged that he actually entered into a contract of employment with the CCRB, much less plead the alleged contract's terms. *See Bennett v. State Farm Fire & Cas. Co.*, 137 A.D.3d 731, 731 (1st Dep't 2016). In fact, it appears, at best, that Plaintiff had a probationary position with the CCRB. *See* Complaint, at ¶126 (alleging that Plaintiff was fired because of his "failure to pass probation"). Second, even assuming there was a contract of employment, Plaintiff has not alleged facts from which it could be inferred that the SBA or Mr.

Vallelong procured its breach. As noted above, the complaint's only specific allegations concern Mr. Vallelong's statements published in the New York Post. Those statements specifically did not call for Plaintiff's termination. Instead, Mr. Vallelong said that "If CCRB wants to hire [Plaintiff], they should do it for another position" (¶41), *i.e.,* a position other than sitting as an investigator in a case brought against an SBA member. Third, in the absence of an allegation that Plaintiff was contractually entitled to employment of a specific length, Plaintiff has not, and indeed cannot allege that he suffered any damages resulting from the breach of an employment contract. *See Smalley v. Dreyfus Corp.*, 10 N.Y.3d 55, 58 (2008) ("In that the length of employment is not a material term of at-will employment, a party cannot be injured merely by the termination of the contract.").

Some courts have held that where, as here, a tortious interference with contract claim is brought by an at-will employee, the claim should be brought as one alleging interference with prospective business relations. *See, e.g., Flaherty v. Dixon,* 2023 U.S. Dist. LEXIS 26876, at *18 (S.D.N.Y. Feb. 16, 2023). Plaintiff would fare no better if is claim were so interpreted.

The elements of a claim for tortious interference with prospective economic relations are: "(1) that [Plaintiff] had a business relationship with a third party; (2) that the defendant knew of that relationship and intentionally interfered with it; (3) that the defendant acted solely out of malice or used improper or illegal means that amounted to a crime or independent tort; and (4) that the defendant's interference caused injury to the relationship with the third party." *Stuart's, LLC v. Edelman*, 196 A.D.3d 711, 713 (2d Dep't 2021). An at-will employee, such as the Plaintiff in the instant case, can bring a tortious interference claim if [he] can otherwise satisfy the elements of tortious interference with prospective economic relations, by alleging that "the interference . . . was accomplished by wrongful means or [that] the offending party acted for the

sole purpose of harming the other party." *Id.*; *see also Miller v. Livanis*, 189 A.D.3d 446 (1st Dep't 2020).

Here, Plaintiff has not alleged that the SBA or Mr. Vallelong used wrongful means to cause the termination of Plaintiff's employment with the CCRB. "Wrongful means include physical violence, fraud or misrepresentation, civil suits and criminal prosecutions, and some degrees of economic pressure; they do not, however, include persuasion alone." *106 N. Broadway, LLC v. Lawrence*, 189 A.D.3d 733, 740 (2d Dep't 2020) (internal quotes and citations omitted); *see also Guard-Life Corp. v. Parker Hardware Mfg. Corp.*, 50 N.Y.2d 183, 191 (1980)). Here, the only specific allegation concerns the statements by Mr. Vallelong published in the New York Post. There is nothing "wrongful" about those statements; indeed, as noted, Mr. Vallelong has a First Amendment right to express his opinion. Moreover, as further noted above, Mr. Vallelong did not even call for the termination of any business relationship between Plaintiff and the CCRB. He said, "If CCRB wants to hire [Plaintiff], they should do it for another position." (¶41)

## Conclusion

Plaintiff's complaint, as against defendants SBA and Vincent Vallelong should be dismissed.

Dated: White Plains, New York
December 12, 2025

          Respectfully submitted,

          THE QUINN LAW FIRM PLLC
          Attorneys for SBA and Vincent Vallelong

          Lalit K. Loomba

          399 Knollwood Road, Suite 220
          White Plains, NY 10603
          (914) 997-0555
          lloomba@quinnlawny.com

TO: *Via ECF*

COHEN & GREEN P.L.L.C.
Attorneys for Plaintiff
1639 Centre Street, Suite 216
Ridgewood, NY 11385
(929) 888-9480
remy@femmelaw.com

NEW YORK CITY LAW DEPARTMENT
Attorneys for Defendant City of New York
100 Church Street, Suite 2d Floor
New York, NY 1007
Attn: Eric Daniel Arbizo, Esq.
(203) 550-3148
earbizo@law.nyc.gov

GOLENBOCK EISEMAN ASSOR BELL & PESKOE LLP
Attorneys for Defendants PBA and Patrick Hendry
711 Third Avenue, 17th Floor
New York, NY 10017
(212) 907-7300
Attn: Matthew Christopher Daly
mdaly@golenbock.com

## Word Count Certification

The undersigned attorney hereby certifies:

Excluding the cover page and the signature block, the foregoing document contains 4,194 words.

THE QUINN LAW FIRM PLLC
Attorneys for SBA and Vincent Vallelong

_____
Lalit K. Loomba

399 Knollwood Road, Suite 220
White Plains, NY 10603
(914) 997-0555
aquinn@quinnlawny.com
