```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  12/12/25
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RONALD DAVIDSON,

            Plaintiff,

-against-

CITY OF NEW YORK, et al.

            Defendant.

25-CV-8065 (JAV) (BCM)

**ORDER SCHEUDLING INITIAL CASE MANAGEMENT CONFERENCE**

**BARBARA MOSES, United States Magistrate Judge.**

    This action has been referred to Magistrate Judge Barbara Moses for general pretrial management, including scheduling, discovery, non-dispositive pretrial motions, and settlement, pursuant to 28 U.S.C. § 636(b)(1)(A). All pretrial motions and applications, including those related to scheduling and discovery (but excluding motions to dismiss or for judgment on the pleadings, for injunctive relief, for summary judgment, or for class certification under Fed. R. Civ. P. 23) must be made to Judge Moses and in compliance with this Court's Individual Practices in Civil Cases, available on the Court's website at https://nysd.uscourts.gov/hon-barbara-moses.

    It appears to the Court that no initial case management and scheduling conference has yet taken place in this action. It is therefore **ORDERED** that an initial conference in accordance with Fed. R. Civ. P. 16 will be held on **January 8, 2026, at 10:00 a.m.**, in Courtroom 20A, 500 Pearl Street, New York, New York. At the conference, counsel must be prepared to discuss the status of the case and the subjects set forth in Fed. R. Civ. P. 16(b) and (c).

    It is further **ORDERED** that counsel must meet and confer in accordance with Fed. R. Civ. P. 26(f) no later than 21 days prior to the initial case management conference. No later than **January 2, 2026**, approximately one week prior to the conference, the parties must file a Pre-Conference Statement, via ECF, signed by counsel for all parties. The Statement, which will

constitute the written report required by Fed. R. Civ. P. 26(f)(2), must contain the following information:

1. The date of the conference and appearances for the parties, including the names of the individual attorneys who will attend, their law firms, addresses, and telephone numbers, and the party or parties represented. The Court expects each party's principal trial attorney to attend the conference.

2. A concise statement of the nature of the case and the issues as they appear on the date of the Statement, including any issues as to jurisdiction or venue and any anticipated motions pursuant to Fed. R. Civ. P. 12(b) or (c).

3. A proposed deadline for joining additional parties, amending the pleadings, or moving for leave to do so.

4. A proposed discovery schedule including:

    a. A date for exchanging the automatic disclosures required by Fed. R. Civ. P. 26(a)(1)(A), or the date on which such disclosures were accomplished;

    b. Dates for the *service* of initial document production requests and interrogatories (limited in accordance with Local Civil Rule 33.3);

    c. A date by which all fact depositions will be completed, including the names (if known) or descriptions of persons expected to be deposed;

    d. A date for the close of all fact discovery;

    e. Dates by which each party's expert report(s) or other expert disclosure, and any responding reports, will be supplied to the adversary;

    f. A date for the close of all discovery, including expert depositions.

5. Any proposed limitations to be placed on discovery, including protective or confidentiality orders. The parties may (but are not required to) use the Model Protective Order found on the Court's website at https://nysd.uscourts.gov/hon-barbara-moses.

6. Any anticipated discovery issues that may warrant early attention from the Court (including ESI protocols, litigation holds, and other issues relating to the preservation, retrieval and/or production of electronically stored information).

7. A date, approximately 30 days prior to the close of fact discovery, for a status conference with the Court.

8. When the case should be (a) referred to mediation or (b) scheduled for a settlement conference with the Court.

9.     A date for the filing of pre-motion conference requests regarding summary judgment.

10.     The anticipated length of trial and whether a jury has been requested.

11.     Whether the parties wish to consent to trial before the designated magistrate judge.

To the extent the parties are in disagreement concerning any portion of the Pre-Conference Statement, they may submit separate proposals as to such portion, *without argument*.

Dated: New York, New York
       December 12, 2025

                                    SO ORDERED.

**BARBARA MOSES**
**United States Magistrate Judge**