

<div style="text-align: right">January 12, 2026</div>

Hon. Barbara C. Moses, U.S.M.J.
Daniel Patrick Moynihan United States Courthouse
500 Pearl St.
New York, NY 10007-1312

By Electronic Filing

    Re:    <u>Davidson v. City of New York et al., 25-cv-8065</u>

Dear Judge Moses:

My firm, with co-counsel, represents Plaintiff in the case above. Together with Defendants, I write to provide the Pre-Conference Statement the Court directed in advance of the initial conference. *See* ECF No. 26.

Below are the numbered items required by the Court's Order.

**1. The date of the conference and appearances for the parties, including the names of the individual attorneys who will attend, their law firms, addresses, and telephone numbers, and the party or parties represented.**

The initial conference is set for January 20, 2026 at 10:00 a.m. The parties conducted their Rule 26(f) conference via Zoom on December 18, 2025.

As far as appearances:

- For Plaintiff, Leena Widdi (Ms. Widdi; she/her), Cohen&Green P.L.L.C., 1639 Centre St., Suite 216, Ridgewood, NY 11385, (929) 888-9480
- For the SBA Defendants, Lalit K. Loomba, Esq., The Quinn Law Firm PLLC, 399 Knollwood Road, Suite 220, White Plains, NY 10603 (914) 997-0555.
- For the City Defendants, Eric Arbizo, Assistant Corporation Counsel, Office of the Corporation Counsel of the City of New York, 100 Church Street, Rm 2-124, New York, NY 10007
- For the PBA Defendants, Matthew C. Daly, Golenbock Eiseman Assor Bell & Peskoe LLP, 711 Third Avenue, New York, NY 10017, (212) 907-7329

**2. A concise statement of the nature of the case and the issues as they appear on the date of the Statement, including any issues as to jurisdiction or venue and any anticipated motions pursuant to Fed. R. Civ. P. 12(b) or (c).**

This case concerns, essentially, two alternative factual theories of why and how the CCRB

Cohen&Green P.L.L.C. · 1639 Centre Street, Suite 216· Ridgewood, New York · 11385 · t: (929) 888.9480 · f: (929) 888.9457 · FemmeLaw.com

5431198.2

Case 1:25-cv-08065-JAV-BCM    Document 31    Filed 01/12/26    Page 2 of 5



fired Plaintiff from his job. The first is that it was directly because of his prior conviction; the second is that it was in retaliation for filing a specific report about alleged misconduct. As for the various union Defendants, as evidenced by various public comments by union officials and reflected in comments by CCRB personal, the unions were — because of Plaintiff's existence — "putting too much heat on the agency" and the agency eventually agreed to comply with that heat. *See, e.g.,* ECF No. 1 ¶ 129.[1]

In Plaintiff's view, these facts give rise to a variety of claims, sounding in various kinds of retaliation and employment protection. Plaintiff believes venue and jurisdiction are proper because he has federal claims and the events at issue happened in Manhattan.

PBA Defendants' position: On December 12, 2025, the PBA Defendants filed a motion, pursuant to Rule 12(b)(6), to dismiss the Complaint in its entirety as against the PBA Defendants. The PBA Defendants anticipate that they will file another motion to dismiss if Plaintiff amends the Complaint in response to the pending motion. In short, in the PBA Defendants' view, this case is an employment dispute between the Plaintiff and his former employer, the City/CCRB, and the PBA Defendants are not proper parties. The conduct alleged against the PBA Defendants – commenting that Plaintiff should not have a role in CCRB investigations in the interest of protecting the integrity of the CCRB process and public safety – (i) is protected by the First Amendment; and/or (ii) does not support any cause of action. The PBA Defendants also believe that the Plaintiff's claims implicate the New York anti-SLAPP statute, and the PBA Defendants reserve their rights to pursue relief thereunder (*e.g.*, counterclaims for costs and attorneys' fees if the claims were to proceed beyond the motion to dismiss).

SBA Defendants' position: The position of the SBA Defendants is set forth in their motion to dismiss, which was filed on December 12, 2025. In short, this case is an employment dispute between the Plaintiff and the City/CCRB. None of the alleged actions of the SBA Defendants violate any of Plaintiff's rights, and are otherwise privileged under the First Amendment. Moreover, the SBA President never stated that Plaintiff should be fired from the CCRB, only that his assignments should be limited to avoid putting him in direct opposition to an SBA member. Should Plaintiff amend its complaint, the SBA Defendants would likely renew their motion to dismiss because, based on our understanding of the facts, it is impossible for Plaintiff to plead a viable claim as against the SBA Defendants. The SBA Defendants reserve their right to pursue remedies under the SLAPP statute.

City Defendants' position: The City Defendants' filed a motion to dismiss Plaintiff's claims,

---

[1] While the Union Defendants' invocation of the anti-SLAPP law is misguided as to the state law claims as well, in attempting to apply it to the §§ 1985 and 1986 claims, they seem to ignore that (state) "anti-SLAPP statutes do not apply to federal causes of action." *Nat'l Jewish Democratic Council v. Adelson*, 417 F. Supp. 3d 416, 423, n.1 (S.D.N.Y. 2019). *See also, Murchinson Ltd. v. Nano Dimension Ltd.*, No. 23-cv-03658, 2025 WL 1397615, at *6 (S.D.N.Y. May 14, 2025) ("Black letter law is crystal clear that an anti-SLAPP motion cannot be used against a federal cause of action."). As to the rest, inciting the City to violate the law and fire Plaintiff because of his criminal history is not protected speech, much as advocating for tax fraud would not be (*see generally, well*, J. Remy Green, *Digitizing Brandenburg: Common Law Drift Toward a Theory of Causal Imminence*, 69 Syracuse L. Rev. 351, 360-365; 386-390 (2019)) — and accordingly, the anti-SLAPP law is not triggered.

Cohen&Green P.L.L.C. · 1639 Centre Street, Suite 216 · Ridgewood, New York · 11385 · t : (929) 888.9480 · f : (929) 888.9457 · FemmeLaw.com
5431198.2



in part, on December 11, 2025.City Defendants' position is that Plaintiff's claims under the "right to record" acts, the First Amendment, and 42 U.S.C. § 1985 should be dismissed for failure to state a claim. City Defendants take no position on whether they will move to dismiss Plaintiff's claims should he amend his complaint. In response to Plaintiff's claims as set forth above, Plaintiff was not terminated a few months after being hired, because of his criminal history, nor in retaliation for filing a report of misconduct.

### 3. A proposed deadline for joining additional parties, amending the pleadings, or moving for leave to do so.

As noted in the letter at ECF No. 28, Plaintiff may amend the complaint in response to the various motions to dismiss. Plaintiff has no plan to join additional parties at this time. Accordingly, the parties propose January 31, 2026 as the date for joinder or amendment.

### 4. A proposed discovery schedule including [specified items below]:

The parties have discussed discovery and a potential motion by the union Defendants' to stay discovery. The parties have agreed, without any waiver of future arguments or motions, that doing an initial phase of discovery covering communications, if any, between City officials and various union representatives would both be productive and potentially informative regarding issues in the union motions to dismiss.

Accordingly, the parties propose — as detailed in more depth below — an initial discovery phase between Plaintiff and the City Defendants that is focused on communications about Plaintiff with various union representatives or personnel, and a status letter proposing a plan thereafter once that "Phase 1" is done.

### a. A date for exchanging the automatic disclosures required by Fed. R. Civ. P. 26(a)(1)(A), or the date on which such disclosures were accomplished;

February 5, 2026

### b. Dates for the service of initial document production requests and interrogatories (limited in accordance with Local Civil Rule 33.3);

As noted above, the parties propose phasing discovery. Accordingly, the parties propose having Plaintiff serve Phase 1 requests on or before January 2, 2026.

### c. A date by which all fact depositions will be completed, including the names (if known) or descriptions of persons expected to be deposed;

Until production, the parties are not sure whether the proposed Phase 1 would require depositions. Accordingly, the parties request leave to address this issue in a status letter following the close of Phase 1, or — if there is any dispute — after meeting and conferring if any party believes a deposition is



Cohen&Green P.L.L.C. · 1639 Centre Street, Suite 216 · Ridgewood, New York · 11385 · t : (929) 888.9480 · f : (929) 888.9457 · FemmeLaw.com
5431198.2



necessary during Phase 1.

> **d. A date for the close of all fact discovery;**

The parties propose having a Phase 1 end date on March 27, 2026. The parties ask leave to file a status letter 14 days thereafter (e.g., April 10, 2026) with a plan for remaining discovery (or for the union Defendants to file a motion to stay if necessary, and the union Defendants reserve the right to file any such stay motion at any time after the completion of Phase 1).

> **e. Dates by which each party's expert report(s) or other expert disclosure, and any responding reports, will be supplied to the adversary;**

The parties ask leave to propose this date in the status letter on April 10, 2026.

> **f. A date for the close of all discovery, including expert depositions.**

The parties ask leave to propose this date in the status letter on April 10, 2026.

> **5. Any proposed limitations to be placed on discovery, including protective or confidentiality orders. The parties may (but are not required to) use the Model Protective Order found on the Court's website at https://nysd.uscourts.gov/honbarbara-moses.**

As noted above, the major limitation the parties are currently contemplating is the use of phased discovery, and the limited Phase 1 described above as a starting point.

The parties have discussed and have minor proposed changes to the Court's Model Protective Order. Attached is a redline as well as a clean version of those changes, which should largely be self-explanatory.

As noted above, the Union defendants reserve their rights to move for a stay of discovery as to them following Phase 1 pending their motions to dismiss, and Plaintiff reserves all objections to any such motion.

> **6. Any anticipated discovery issues that may warrant early attention from the Court (including ESI protocols, litigation holds, and other issues relating to the preservation, retrieval and/or production of electronically stored information).**

Other than the proposal of phased discovery above, the parties do not anticipate any specific disputes.

> **7. A date, approximately 30 days prior to the close of fact discovery, for a status conference with the Court.**

The parties ask leave to propose this date in the status letter on April 10, 2026.



Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com

5431198.2



**8. When the case should be (a) referred to mediation or (b) scheduled for a settlement conference with the Court.**

The parties believe such a referral or conference may be productive, but at present, it would be premature. The parties ask the Court to allow them to reach out when settlement discussions appear to be ripe. The PBA Defendants do not believe that they are proper parties to this case, and therefore they are not prepared to take a position on potential mediation pending resolution of their motion to dismiss. The SBA Defendants have no interest in settlement or mediation.

<div style="text-align:right">

Respectfully submitted,

/s/
_____

J. Remy Green
  *Honorific/Pronouns: Mx., they/their/them*
**COHEN&GREEN P.L.L.C.**
*Attorneys for Plaintiffs*
1639 Centre St., Suite 216
Ridgewood, New York 11385

</div>

cc:
All relevant parties by electronic filing.



Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com
5431198.2