USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:  _____
DATE FILED:  01/21/26

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RONALD DAVIDSON,

          Plaintiff,

-against-

CITY OF NEW YORK, et al.

          Defendant.

25-CV-8065 (JAV) (BCM)

**INITIAL CASE MANAGEMENT ORDER**

**BARBARA MOSES, United States Magistrate Judge.**

After consultation with the parties, the Court adopts the following case management and scheduling order pursuant to Fed. R. Civ. P. 16:

1. Joinder and Amendment. Plaintiff has amended his complaint as of right (Dkt. 33), thereby mooting defendants' motions (Dkts. 19, 20, 23) to dismiss his original complaint. No further amended pleadings may be filed, and no additional parties may be joined, except with leave of the Court. Any motion to amend or to join additional parties must be made pursuant to Fed. R. Civ. P. 15(a)(2) and will be subject to the "good cause" standard in Fed. R. Civ. P. 16(b)(4).

2. Protective Order: The parties are directed to promptly submit a signed version of their proposed stipulated protective order. (*See* Dkt. 31-2.)

3. Motions. Defendants have informed the Court that they intend to move to dismiss the amended complaint. Those motions are due by **February 11, 2026**. Opposing and reply papers will be due in accordance with Local Civ. R. 6.1(b), unless the parties stipulate or the Court orders otherwise.

4. Automatic Disclosures. The parties must exchange the disclosures required by Fed. R. Civ. P. 26(a)(1) no later than **February 5, 2026**.

5. Written "Phase I" Discovery. The Court accepts the parties' proposal that "Phase I" discovery be limited, at this time, to written discovery "between Plaintiff and the City Defendants that is focused on communications about Plaintiff with various union representatives or personnel." (Dkt. 31 at 3.) The City Defendants are the City of New York and Jonathan Darche. (*See* Dkt. 19-1, at 4.) Plaintiff has informed the Court that he served his Phase I discovery requests on December 30, 2025, making the City Defendants' responses due by **January 29, 2026**.

6. Joint Letter. No later than **February 20, 2026**, the parties must submit a joint letter regarding the status of Phase I discovery, including whether any discovery motions are anticipated and whether a status conference is requested. The parties must also propose a schedule for the conclusion of Phase I discovery.

7.     Timely Discovery. Discovery requests and notices must be served in time to allow the person served to respond, on the schedule set forth in the Federal Rules of Civil Procedure, prior to the completion date for such discovery set forth above. Discovery applications, including letter-motions requesting discovery conferences, must be made promptly after the need for such an application arises and must comply with Local Civil Rule 37.2 and § 2(b) of Judge Moses's Individual Practices. Absent extraordinary circumstances, discovery applications made later than 30 days prior to the close of discovery may be denied as untimely.

8.     Conferences and Hearings. All court conferences, hearings, and other proceedings will be held in Courtroom 20A of the Daniel Patrick Moynihan United States Courthouse, unless the Court orders otherwise. If a proceeding takes place via teleconference, the parties must call **(855) 244-8681** on their scheduled date, a few minutes before their scheduled time, and enter the access code **2314 181 4376#**. Please treat the teleconference as you would treat a public court appearance. If a conference or hearing in another matter is ongoing, please be silent (mute your line) until your case is called. If the proceeding takes place via videoconference, chambers will email the appropriate link to counsel in advance of the proceeding.

9.     Remote Depositions. In accordance with Fed. R. Civ. P. 30(b)(4), the Court authorizes the parties to conduct any or all depositions in this action, after written Phase I discovery is complete, via telephone, videoconference, or other remote means, pursuant to Fed. R. Civ. P. 30(b)(3) and (b)(4). This Order does not dispense with the requirements set forth in Fed. R. Civ. P. 30(b)(5), including the requirement that, unless the parties stipulate otherwise, the deposition be "conducted before an officer appointed or designated under Rule 28," and that the deponent be placed under oath by that officer. For avoidance of doubt, a deposition will be deemed to have been conducted "before" an officer so long as that officer attends the deposition via the same remote means (*e.g.*, telephone conference call or video conference) used to connect all other remote participants, and so long as all participants (including the officer) can clearly hear and be heard by all other participants.

10.     Extensions and Adjournments. Any application for extension or adjournment of the time limits, deadlines or conferences set forth above must be made by letter-motion, in accordance with this Court's Individual Practices, as soon as the need for the extension or adjournment is reasonably apparent to the party making the application. **Applications made after the expiration of the deadline in question may be summarily denied**.

11.     Discovery of ESI. If they have not already done so, counsel for plaintiff and the City Defendants are hereby directed to confer with one another by telephone or in person **within two weeks of the date of this Order** regarding potential discovery issues concerning electronically stored information (ESI). An exchange of letters or emails is not sufficient. Counsel must discuss, among other things, sources of relevant ESI; steps taken or to be taken to preserve relevant ESI; identification of appropriate custodians; ESI search and review procedures; form of production of

          ESI; any limitations or anticipated difficulties regarding discovery or production of ESI; cost estimates; and proposals for containing or sharing costs.

12. <u>Discovery Applications</u>. Discovery disputes that cannot be resolved after good-faith negotiations may be presented by letter-motion, seeking a discovery conference, in accordance with Local Civil Rule 37.2 and this Court's Individual Practices. Such applications must be made promptly after the need for court intervention arises, but in no event before the parties have met and conferred, in person or via telephone, with respect to all issues in dispute. An exchange of letters or emails is not sufficient. It is the Court's practice to decide discovery disputes at the Rule 37.2 conference, based on the parties' letters, unless the Court determines that more formal briefing is required.

13. <u>Fed. R. Evid. 502(d) Order</u>. The disclosure of documents or information (electronic or otherwise) subject to the attorney-client privilege, the work product doctrine, or other privilege or immunity from production shall not operate as a waiver of that privilege or immunity in this case or in any other federal or state proceeding. This paragraph shall be interpreted to provide the maximum protection permitted by Fed. R. Evid. 502(d).

Dated: New York, New York        **SO ORDERED**.
       January 21, 2026

_____
**BARBARA MOSES**
**United States Magistrate Judge**

3