

February 20, 2026

Hon. Jeannette A. Vargas, U.S.D.J.
Daniel Patrick Moynihan United States Courthouse
500 Pearl St.
New York, NY 10007-1312

By Electronic Filing

    Re:    <u>Davidson v. City of New York et al., 25-cv-8065</u>

Dear Judge Vargas:

    My firm, with co-counsel, represents Plaintiff in the case above. I write jointly with the various counsel for all Defendants, pursuant to paragraph 5 of ECF No. 34, with the exception that Defendants do not join in substantive allegations asserted in this letter (Plaintiff is unsure what "allegations" are meant here).

    In brief, the City Defendants made a production, and the parties met and conferred on it. During meet and confer, counsel for the City said that his client indicated there may have been a phone call between Defendant Darche and someone at the PBA[1] in its General Counsel's office in the relevant time period, but no written communications. That indication was equivocal, however, and was not intended to be an admission of any fact, and counsel for the City said he would look further into the matter. The City Defendants agreed to by February 27, 2026, and the parties will confer again thereafter.

    Additionally, Plaintiff has raised an issue he has with the City Defendants having limited their document collection to only Defendant Darche's inbox, particularly in light of counsel for the City's indication during meet and confer that a call may have been held without written communications with Darche. Plaintiff is waiting for Defendants to provide a time to meet and confer. The parties intend to address this at the meet and confer referenced above.

    Last, because the City Defendants indicated that a phone call may have occurred, it is Plaintiff's position that the parties need to discuss — depending on the substance of Defendants' updated interrogatory responses — whether a limited deposition of the City Defendants is appropriately part of Phase I. Currently, City Defendants' response indicates that they would prefer this discovery proceed by deposition, but do not agree that saying deposition were the better method of getting certain information was intended to suggest that should happen in Phase I. Other defendants take the position that the parties should await the City Defendants' supplemental written discovery responses, to ascertain whether the City Defendants in fact will indicate whether they will take the position that such a call took place in a sworn response, as opposed to the equivocal statement made by counsel

---

[1] Accordingly, the indications that some communication took place appear to refer to the PBA, not the SBA. Once that is confirmed, Plaintiff will discuss whether dismissal is appropriate for the SBA Defendants.



during meet and confer, which was not in fact a factual statement or a discovery response.

Accordingly, the parties likely need at least 45 more days for Phase I.

The union defendants do not concede any facts or implications raised by this letter or by what counsel for other parties may have suggested during meet and confer, and continue to assert that the Amended Complaint fails to state a claim against them. The union defendants filed motions to dismiss the Amended Complaint in its entirety on February 11, 2026 (and the City moved for partial dismissal of the Amended Complaint). Per the schedule so-ordered by the Court (Dkt. 50), Plaintiff's opposition is due by March 27, 2026, and replies are due by April 27, 2026.

As always, we thank the Court for its time.

Respectfully submitted,

/s/
_____

J. Remy Green
  *Honorific/Pronouns: Mx., they/their/them*
COHEN&GREEN P.L.L.C.
*Attorneys for Plaintiffs*
1639 Centre St., Suite 216
Ridgewood, New York 11385

cc:
All relevant parties by electronic filing.

Page 2 of 2

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com

NY 6309474.1