UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X

RONALD DAVIDSON,

                                        Plaintiff,

                -against-

THE CITY OF NEW YORK, ET AL.,

                                        Defendants.

-----------------------------------------------------------------------X

**CITY DEFENDANTS' AMENDED RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST SET OF DOCUMENT REQUESTS AND INTERROGATORIES**

25 Civ. 8065 (JAV) (BCM)

        Pursuant to Rules 26, 33, and 34 of the Federal Rules of Civil Procedure, and the

Local Civil Rules for the Southern District of New York, the City of New York (the "City") and

Jonathan Darche ("Darche") (collectively, "City Defendants") by their attorney, Steven Banks,

Corporation Counsel of the City of New York, hereby amend their responses to Plaintiff's First

Set of Requests for Production and Interrogatories to Defendant and responds as follows:

**GENERAL STATEMENTS AND OBJECTIONS**

        1.        By responding to any request, City Defendants do not concede the materiality of

the subject to which it refers. City Defendants' responses are made expressly subject to, and

without waiving or intending to waive, any questions, or objections as to the competency,

relevancy, materiality, privilege, or admissibility as evidence or for any other purpose, of any of

the documents or information produced, or of the subject matter thereof, in any proceeding

including the trial of this action or any subsequent proceeding.

        2.        These responses are interpreted to be within the scope of "Phase 1" discovery as

outlined in the Pre-Conference Statement filed in this matter. See ECF Doc. No. 31. As set forth

therein, Phase 1 "is focused on communications about Plaintiff with various union

1

representatives or personnel," and City Defendants reserve the right to limit discovery as stated therein and agreed to by the parties. City Defendants may supplement their responses at a later date to comply with Rule 26 of the Federal Rules of Civil Procedure.

3.      Inadvertent production of any document or information which is privileged, was prepared in anticipation of litigation, or is otherwise immune from discovery, shall not constitute a waiver of any privilege or of another ground for objecting to discovery with respect to that document or any other document, or its subject matter, or the information contained therein, or of City Defendants' right to object to the use of any such document or the information contained therein during any proceeding in this litigation or otherwise.

4.      City Defendants do not necessarily adopt Plaintiff's definitions and instructions in those cases where specific objections have not been made, nor do City Defendants' answers constitute an admission or acceptance of the terms or definitions used therein. Throughout these responses, City Defendants have tried to give each term its plain and ordinary meaning.

5.      City Defendants reserve their right to supplement, revise, correct, or clarify any of the responses herein up to and including the time of trial.

**RESPONSES AND OBJECTIONS TO INTERROGATORIES**

**INTERROGATORY NO. 1**

Identify all communications concerning the Relevant Topics, including any emails, text or app-based messages, social media posts, interviews, verbal communications, or phone calls.

**RESPONSE TO INTERROGATORY NO. 1:**

City Defendants object to Interrogatory no. 1 because the term "Relevant Topics" is vague and ambiguous, especially because the definition includes "Plaintiff," "Plaintiff's job at

2

the CCRB," and "anything concerning the circumstances described in the Complaint," each phrase being overly vague and ambiguous and unduly burdensome. Defendants also object to Interrogatory no. 1 because it is overly broad, seeks information better discovered through other means, seeks privileged information, seeks information beyond the scope of Local Civil Rule 33.3 of the Local Rules of the United States District Court for the Southern District of New York ("Local Civil Rule 33.3"), and because it seeks information not in the possession of the Defendants. Consistent with, and without waiving, these objections, and construing this as a request for communications involving Jonathan Darche and concerning Plaintiff's employment, City Defendants refer Plaintiff to the documents bearing bates stamp numbers City 6–10, 14, 16–26, and 28–36. Defendants further answer that, based on information and belief as of the date of these responses, responsive communications between Jonathan Darche and the Union Defendants are the following:

    a)  On or about November 1, 2024, Fred Vasselman, counsel for the PBA, on a phone call, asked Jonathan Darche if he knew that the CCRB had hired someone who had been convicted of murder, in reference to Plaintiff.

    b)  During October or November 2024, Fred Vasselman or Stuart London, counsel for the PBA, called Jonathan Darche after Plaintiff sat in an officer interview.

    c)  During November or December 2024, Jonathan Darche spoke to either Fred Vasselman or Stuart London, counsel for PBA, and informed that individual that Plaintiff had been transferred to the role of field investigator.

    d)  On or about December 10 and 12, 2024, Jonathan Darche called Fred Vasselman and Vincent Vallelong, respectively, and informed Vasselman and Vallelong that Plaintiff was no longer employed by the CCRB.

**INTERROGATORY NO. 2.**

Identify all communications that were the basis for the Pressure and Heat Remarks.

**RESPONSE TO INTERROGATORY NO. 2:**

City Defendants object to Interrogatory no. 2 because the term "basis" is vague and ambiguous, and because it seeks information that is beyond the scope of Local Civil Rule 33.3, assumes facts not admitted or established, in particular the truth of the allegations of the Pressure and Heat Remarks, seeks information identified in Plaintiff's complaint and which is publicly available, is argumentative, and is objectionable to the extent that it seeks documents which are outside the scope of the parties' "phase 1" discovery.

Notwithstanding the objections herein, and without admitting any of the alleged Heat and Pressure remarks, City Defendants construe this to mean the communications between Jonathan Darche and Jennelle Brooks and the SBA or PBA about Ronald Davidson, and refer Plaintiff to the Defendants' response to Interrogatory 1 above.

## RESPONSES AND OBJECTIONS TO DOCUMENT DEMANDS

## DOCUMENT DEMAND NO. 1:

Produce all documents concerning communications concerning the Relevant Topics between any City employee on one hand, and on the other hand:

a. Defendant Vallelong;

b. Defendant Hendry;

c. Any member or representative of the SBA; or

d. Any member or representative of the PBA;

4

**RESPONSE TO DOCUMENT DEMAND NO. 1:**

City Defendants object to this request on the grounds that it is vague and ambiguous with respect to the terms "Relevant Topics," (see also the response to Interrogatory 1), and is unduly burdensome because it would require searching the email of hundreds of thousands of City employees, seeks all communications when a subset would suffice, seeks communications between any City employees when a subset would suffice, seeks documents which are better discovered through other means, and seeks documents which are not relevant to any claim or defense in this matter.

Consistent with, and without waiving, the foregoing objections, City Defendants construe this request to seek written communication between Jonathan Darche or Jennelle Brooks and Vallelong, Hendry, SBA, or PBA about Ronald Davidson and answer that they are not in possession of responsive documents.

**DOCUMENT DEMAND NO. 2:**

Produce all documents concerning communications concerning the Relevant Topics between any CCRB personnel internally.

**RESPONSE TO DOCUMENT DEMAND NO. 2:**

City Defendants object to this request on the grounds that it is vague and ambiguous with respect to the terms "Relevant Topics," (see also the response to Interrogatory 1), is unduly burdensome because it would require searching the emails of every CCRB employee, seeks documents which are better discovered through other means, seeks documents that are not relevant to any claim or defense in this matter, and is overly broad because it seeks communications between any CCRB employee when a subset would suffice.

5

Consistent with, and without waiving, the foregoing objections, City Defendants construe this request to seek communication between Jonathan Darche or Jennelle Brooks and other CCRB employees from August 2024 until December 2024, and refers Plaintiff to the documents bearing bates numbers City 0001–0014, 0016–0026, 0028–0036 and 0137-0153.

**DOCUMENT DEMAND NO. 3:**

Produce all documents concerning communications concerning the Relevant Topics between any CCRB personnel and members of the Mayor's Office or other part of the City.

**RESPONSE TO DOCUMENT DEMAND NO. 3:**

City Defendants object to this request on the grounds that it is vague and ambiguous with respect to the terms "Relevant Topics," (see also the response to Interrogatory 1), is unduly burdensome because it would require searching the emails of every CCRB employee, is overly broad because it seeks all communications when a subset would suffice, seeks communications between any CCRB employee when a subset would suffice, because it seeks documents which are better discovered through other means, and that are not relevant to any claim or defense in this matter.

Consistent with, and without waiving, the foregoing objections, City Defendants construe this request to seek communication between Jonathan Darche or Jennelle Brooks and any employees from the Mayor's Office made between August 2024 until December 2024, and answer that they are not in possession of responsive documents.

**DOCUMENT DEMAND NO. 4:**

Produce all documents concerning the Pressure and Heat Remarks, and the basis for the Pressure and Heat Remarks.

6

**RESPONSE TO DOCUMENT DEMAND NO. 4:**

City Defendants object to this request on the grounds that it is vague and ambiguous with respect to the terms "basis," and "Pressure and Heat Remarks", and because it is premature, duplicative of the first document demand, it assumes facts not established, it seeks information that is outside the scope of "phase 1" discovery, that is alleged in Plaintiff's complaint and is publicly available, that is not relevant to any claim or defense in this matter, and to the extent that it seeks privileged information.

Notwithstanding these objections, City Defendants construe this request to seek written communication between Jonathan Darche or Jennelle Brooks and Vallelong, Hendry, the SBA, or the PBA about Ronald Davidson and answer that they are not in possession of responsive documents.

Date: February 27, 2026

> **STEVEN BANKS**
> Corporation Counsel of the City of New York
> Attorney for Defendant
> 100 Church Street, Room 2-124
> New York, New York 10007
> (212) 356-3580
>
>             /s/ Eric Arbizo
>                 Eric Arbizo
>        Assistant Corporation Counsel

To:  Remy Green, attorney for Plaintiff Ronald Davidson, Lalit K. Loomba, Esq., The Quinn Law Firm PLLC, attorneys for the SBA Defendants, and Matthew C. Daly, Golenbock Eiseman Assor Bell & Peskoe LLP, attorneys for the PBA Defendants (via email).