

April 10, 2026

Hon. Barbara C. Moses, U.S.M.J.
Daniel Patrick Moynihan United States Courthouse
500 Pearl St.
New York, NY 10007-1312

<u>By Electronic Filing</u>

**Re:    <u>Davidson v. City of New York et al.</u>, 25-cv-8065**

Dear Judge Moses:

My firm, with co-counsel, represents Plaintiff in the case above.  Per the Court's Order at ECF Nos. 53 and 60, I write jointly with Defendants "outlining the progress of discovery and proposing a schedule for the remaining discovery." First, I respectfully apologize to the Court for failing to file the letter per the Court's Order at ECF No. 53 by the original deadline of April 2, 2026. Although that letter had been prepared in consultation with all parties before the deadline, I inadvertently failed to file it.

Plaintiff raised objections to the scope of collection and custodians for the documents produced on February 12, 2026.  The parties had a productive meet and confer on the issue on March 31, 2026, and the City Defendants have said they will provide a substantive update shortly.  Following that update, the parties will know whether there is a meaningful dispute — although that dispute may also just be rolled over into Phase 2, since any information that could be used as "informative regarding issues in the union motions to dismiss" (ECF No. 31 at 3) already was rolled into Plaintiff's briefing a cross-motion to amend.  ECF Nos. 57-59. The PBA Defendants do not join in this paragraph of the letter and oppose Plaintiff's cross-motion to amend.

In response to this Court's order at ECF No. 60, the parties propose 8 months for the close of fact discovery, with a deadline of December 14, 2026. The parties propose that depositions be scheduled across the latter end of that period. The parties also anticipate that experts may be required, with expert discovery to be conducted after the close of fact discovery.[1]

As a separate matter, as the Court is aware, there are pending motions, the status of which is as follows: On February 11, 2026, the PBA Defendants moved to dismiss the FAC in its entirety as against the PBA Defendants, and the City Defendants filed a partial motion to dismiss. On March 27, 2026, Plaintiff filed an opposition to the motions and a cross-motion to amend (with a consolidated brief). Defendants' replies in further support of their respective motions to dismiss are due on April

---

[1] PBA Defendants insert: By agreeing to this proposed schedule, the PBA Defendants do not waive, and expressly preserve, their rights to make a motion at an appropriate time to stay discovery pending their motion to dismiss this case in its entirety as against the PBA Defendants.

Page 1 of 2



27, 2026, and the PBA Defendants also intend to oppose the cross-motion to amend, for which opposition is also due on April 27. On consent of counsel for Plaintiff, in lieu of filing a reply in support of the motion to dismiss of 3,500 words and opposition to the cross-motion of 8,750 words, the PBA Defendants respectfully request leave to file a single consolidated memorandum of law limited to 8,750 words. On further consent, Plaintiff respectfully requests that the Court set a date of May 18 for Plaintiff's reply in support of his cross-motion to amend.

Respectfully submitted,

/s/
_____

J. Remy Green
   *Honorific/Pronouns: Mx., they/their/them*
**COHEN&GREEN P.L.L.C.**
*Attorneys for Plaintiffs*
1639 Centre St., Suite 216
Ridgewood, New York 11385

cc:
All relevant parties by electronic filing.

Page 2 of 2

COHEN&GREEN