25 Civ. 08065 (JAV)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RONALD DAVIDSON,

Plaintiff,

-against-

CITY OF NEW YORK, JONATHAN DARCHE,
SERGEANTS BENEVOLENT ASSOCIATION,
VINCENT VALLELONG, POLICE
BENEVOLENT ASSOCIATION OF THE CITY OF
NEW YORK, and PATRICK HENDRY,

Defendants.

**REPLY MEMORANDUM OF LAW IN
FURTHER SUPPORT OF THE CITY
DEFENDANTS' MOTION TO DISMISS**

*STEVEN BANKS*
*Corporation Counsel of the City of New York*
*Attorney for the City of New*
*York and Jonathan Darche*
*100 Church Street, Room 2-124*
*New York, N.Y. 10007*

*Of Counsel: Eric Arbizo*
*Tel: (212) 356-3580*

**TABLE OF CONTENTS**

REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF THE CITY
DEFENDANTS' MOTION TO DISMISS .......................................................................... 1

PRELIMINARY STATEMENT ........................................................................ 3

STATEMENT OF FACTS ............................. **ERROR! BOOKMARK NOT DEFINED.**

ARGUMENT................................................................................................... 3

      POINT I ........................................................................................ 3

            PLAINTIFF'S §§ 1985 AND 1986
            CLAIMS ARE NOT SAVED BY
            ALLEGING AN ALTERNATIVE
            THEORY UNDER THE FIRST
            AMENDMENT.......................................................................... 3

      POINT II ...................................................................................... 6

            PLAINTIFF'S CLAIMS UNDER THE
            RIGHT TO RECORD ACTS SHOULD BE
            DISMISSED ............................................................................ 6

      POINT III..................................................................................... 9

            PLAINTIFF AGREES TO DISMISS HIS
            FIRST AMENDMENT PRIOR
            RESTRAINT CLAIM................................................................ 9

CONCLUSION.............................................................................................. 10

**PRELIMINARY STATEMENT**

The partial motion to dismiss made by the City of New York ("City") and Jonathan Darche (collectively "City Defendants") should be granted and Plaintiff's §§1985, 1986, Right to Record Acts, and First Amendment prior restraint claims should be dismissed. Despite Plaintiff's opposition, it is clear that Plaintiff's claims under 42 U.S.C. §§ 1985 and 1986 are deficient because Plaintiff does not allege any class-based animus, and his exhortations that his claims are alleged under the First Amendment do not save them. Similarly, Plaintiff's claims under the Right to Record Acts, N.Y. Civ. Rights Law § 79-p ("§ 79-p") and N.Y.C. Admin. Code § 14-189 ("§ 14-189") fail as a matter of law because Plaintiff's allegations plainly do not support a claim under these statutes and allowing such a claim would be an unprecedented expansion of their scope which is not supported by their text. Finally, Plaintiff does not object to dismissing his First Amendment prior restraint claim arising from his alleged post-employment restriction on entering the premises of the Civilian Complaint Review Board ("CCRB"), where he was employed. Accordingly, the Court should grant the City Defendants' partial motion and dismiss these claims with prejudice.

**ARGUMENT**

**POINT I**

**PLAINTIFF'S §§ 1985 AND 1986 CLAIMS ARE NOT SAVED BY ALLEGING AN ALTERNATIVE THEORY UNDER THE FIRST AMENDMENT**

Plaintiff cannot state a claim under §§ 1985 or 1986 because he does not allege that he was targeted because of any class-based characteristic protected under federal law. *See* City Defendants' MOL at 11–12. In opposition, Plaintiff contends that his §§

3

1985 and 1986 claims survive because he alleges alternative theories for why he was fired, but neither alternative theory supports his claims. First, if he was fired, as he alleges (see Plaintiff's Memorandum of Law in Opposition, ECF Doc. No. 58 ("Plaintiff's Opp. Memo") at 12–13), because of his criminal history, then his §§ 1985 and 1986 claims fail as a matter of law and should be dismissed. Next, Plaintiff pleads, in the alternative, that he was fired for filing a CCRB report, that he did so as a public citizen, and that his firing, therefore, constitutes First Amendment retaliation. But Plaintiff's First Amendment retaliation claim cannot be asserted under §§ 1985 and 1986 and his claims should be dismissed. *See, e.g. Turner v. Boyle*, 116 F. Supp. 3d 58, 95 (D. Conn. 2015) ("[Plaintiff] does not plead facts alleging that he is a member of a cognizable class within the meaning of section 1985. Instead, he alleges that defendants [] were politically opposed to [him] and that they initiated his arrest in an effort to infringe upon [his] First Amendment right to free speech"). "Failure to allege membership in a protected class is a basis to dismiss a Section 1985 conspiracy claim." *Gilliam v. Greenberg Traurig LLP*, No. 23-CV-06144 (PMH), 2024 U.S. Dist. LEXIS 159129, at *9 (S.D.N.Y. Sep. 4, 2024) (holding that motives other than membership in a protected class are insufficient to state a §1985 or 1986 claim).

Plaintiff asserts that his case "fits neatly within the sorts of classes based on political associations that the Second Circuit has been clear can suffice for 1985 claims." Pltf.'s Opp. Memo at 13. But Plaintiff does not explain how this is so, and the cases Plaintiff cites in support of this baseless contention provide no support. Plaintiff cites *NY State NOW v. Terry*, 886 F.2d 1339, 1359 (2d Cir. 1989), but that case stands for the proposition that women seeking abortions are a protected class for the purposes of §§

1985 and 1986. Pltf.'s Opp. Memo at 13. But gender-based animus, based on an immutable characteristic, is irrelevant to the instant matter and does not support Plaintiff's contention that he is part of a protected class because he filed a complaint of police misconduct with the CCRB. *See, e.g. Dolan v. Connolly*, 794 F.3d 290, 296 (2d Cir. 2015) (§§ 1985 and 1986 claims are based on *immutable* characteristics). Plaintiff also cites *Hall v. Warren*, 2022 U.S. Dist. LEXIS 116358, at \*28 (W.D.N.Y. June 30, 2022), claiming that it supports his contention that speech alone, without class-based animus, is sufficient to sustain his claims. But the facts giving rise to *Hall* occurred during a protest against racially-motivated violence in the wake of the murder of George Floyd, and the plaintiffs in that matter alleged racially motivated animus.

Plaintiff also cites several cases which, in some form or another, stand for the proposition that animus might be sustainable based on political beliefs. *See* Pltf.'s Opp. Mem. at 14 (citing, *e.g., Keating v. Carey*, 706 F.2d 377, 386-88 (2d Cir. 1983)). But "although the Second Circuit has held political parties are protected groups under Section 1985 in <u>Keating v. Carey,</u>[] the Supreme Court later suggested that the scope of section 1985 might not extend to include discrimination against political groups except where that discrimination was based on racial animus." *Vidurek v. Miller*, No. 13 CV 4476 (VB), 2014 U.S. Dist. LEXIS 32237, at \*31, 113 A.F.T.R.2d (RIA) 2014-1099 (S.D.N.Y. Feb. 27, 2014) (quotations omitted). And even if political associations could give rise to a §§ 1985 or 1986 claim, Plaintiff does not plead that he was targeted because of any political association or belief. He claims that he was targeted by the CCRB for making a CCRB complaint—but people who make CCRB complaints are not a discrete or

5

recognizable class, share no immutable or political characteristics, and Plaintiff's claims under §§ 1985 and 1986 can easily be dismissed.

Plaintiff also contends that City Defendants did not expressly address political affiliation as a class in City Defendants' MOL and that they are now prevented from opposing Plaintiff's contentions in this reply. Pltf.'s Opp. Mem. at 14. Plaintiff's contention is absurd. The scope of a reply memorandum includes all arguments raised by Plaintiff in his opposition. Plaintiff, across nearly three pages, expressly opposes City Defendants' motion to dismiss § 1985 and § 1986 claims on the (incorrect) grounds that he is part of a protected class based on his political beliefs. City Defendants now respond to that assertion, which is both incorrect in fact and law. In sum, Plaintiff's claims under §§ 1985 and 1986 are deficient as a matter of law and should be dismissed.

## POINT II

### PLAINTIFF'S CLAIMS UNDER THE RIGHT TO RECORD ACTS SHOULD BE DISMISSED

Plaintiff's reading of the "Right to Record Acts," N.Y. Civ. Rights Law § 79-p and N.Y.C. Admin. Code § 14-189, is inconsistent with the text of the statutes—and his attempt to create a new statutory retaliation claim, without textual support, should be rejected. *See* City Defendants' MOL at 9–10.

Plaintiff contends that the City Defendants violated the Right to Record Acts in two alternative ways. First, Plaintiff alleges that City Defendants retaliated against him for recording police activity after he filed a CCRB complaint based on the recording. Alternatively, Plaintiff contends that City Defendants retaliated against him for making his CCRB report based on his recordings of police activity. Pltf.'s Opp. Mem. at 20. In either of Plaintiff's alternatives, the City Defendants allegedly retaliated against him after

6

he made his recording and filed a CCRB complaint. Neither theory supports a claim under the Right to Record Acts, and Plaintiff's theories are nothing more than a restatement of his First Amendment retaliation claims. *See* Pltf.'s Opp. Mem. at 9–10.

Quite simply, and as evident from the statutory text, the Right to Record Acts prohibit officers from interfering with recording police activities, and Plaintiff herein alleges no such interference. Indeed, Plaintiff acknowledges what is clear from the words of the Right to Record Acts: an officer may not interfere when a person records law enforcement activities. Pltf.'s Opp. Mem. at 20–21. The text of the statutes specifically defines recording as capturing any moving or still image, sound, or impression through the use of devices, notes or observations. City Defendants' MOL at 10. Here, Plaintiff made a recording without interference, and his CCRB complaint is not a recording under the Right to Record Acts. A CCRB complaint is not made in real time and is not for the purpose of capturing police activity. It is, at most, a document *about* police activity and no different than any other document that recounts police activity, such as a news article or a legal complaint.

Similarly, as discussed in the City Defendants' MOL, the Right to Record Acts protects against interference by "officers," but the CCRB and its employees are not officers in any sense. *Id.* at 9–10. Plaintiff's attempt to expand the statutes far beyond their meaning to cover First Amendment retaliation claims should be rejected.

Plaintiff's arguments for extending the scope of the Right to Record Acts to the instant facts do nothing more than provide further support for why the Court should dismiss his claims. As Plaintiff discusses, the statutes enumerate examples of prohibited interference with recording activities. Examples include "stopping, seizing, searching,

ticketing, or arresting" a person. Pltf.'s Opp. Mem. at 23–24. Unlike Plaintiff's case, the enumerated examples are typical police actions that usually involve a physical component. The enumerated examples describe officer actions that could stop a person from making a recording and therefore could constitute prohibited intervention. Plaintiff even acknowledges that the statutes do not extend to any examples of post-recording retaliation that would support his claims. *Id.* That is because the Right to Record Acts were never intended, and do not by their language, apply to the alleged facts underlying Plaintiff's claims.

Plaintiff also contends that the City Defendants' alleged retaliation constitutes "interference" with the rights created under the Right to Record Acts. Pltf.'s Opp. Mem. at 24. Plaintiff's contention is baseless because the Right to Record Acts clearly state the scope of the conduct covered therein, and if the statutes had been intended to cover post-recording retaliation, they would say so. Indeed, Plaintiff provides a perfect example of a statute expressing legislative intent to cover retaliation in the Family and Medical Leave Act ("FMLA"). *Id.* The FMLA expressly prohibits an employer from discriminating against an employee in retaliation for exercising rights under the FMLA. Pltf.'s Opp. Mem. at 24. In contrast to the FMLA, the Right to Record Acts are silent on any post-recording retaliation or discrimination.

Plaintiff's contention of post-recording "interference" is also irrelevant because he does not plausibly allege retaliation for making a recording. He alleges retaliation for making a CCRB complaint. But the CCRB complaint is not a recording under the Right to Record Acts, and Plaintiff's recording was made prior to it and without interference, so his claim under the acts should be dismissed.

Although Plaintiff posits, in his Opp. Mem. at 25–26, the alternative theory that the City Defendants retaliated against him for recording police activity and not the CCRB complaint, that theory is unsupported by any allegations in his complaint and it is entirely implausible. First, there is no allegation in Plaintiff's complaint that supports that the CCRB had any reason or desire to retaliate against Plaintiff because he recorded police activity. Police officers are not CCRB employees and it is the CCRB's job to investigate police activity. *Cf.* First Amended Complaint, ECF Doc. No. 33 ("FAC") ¶¶ 131, 228 (alleging retaliation for making a CCRB complaint, not for recording police activity). And second, the City Defendants learned about Plaintiff's recording only from the CCRB complaint. Mere allegations of recording police activity are not protected by the Right to Record Acts. Plaintiff's attempt to advance alternative theories of retaliation based on his CCRB complaint is entirely implausible and his unalleged alternative theory that the City Defendants retaliated against him for recording police activity does not sustain his claims. For all the reasons set forth above and in the City Defendants' moving papers, Plaintiff's claims under the Right to Record Acts should be dismissed.

**POINT III**

**PLAINTIFF AGREES TO DISMISS HIS FIRST
AMENDMENT PRIOR RESTRAINT CLAIM**

Plaintiff agrees that his claim based on his alleged post-employment bar on entering the CCRB should be dismissed. *See* Pltf.'s Opp. Mem. at 8 ("the parties have since resolved the future-facing claims, so the only live portion of Defendants' motion that addresses the First Amendment is moot"). *See also* City Defendants' MOL at 12–13.

## CONCLUSION

**WHEREFORE**, City Defendants respectfully request that their motion to dismiss the complaint in part be granted, and that all claims except Plaintiff's First Amendment retaliation claim and state law discrimination claims be dismissed with prejudice, together with such other and further relief as the Court deems just and proper.

Dated:       New York, New York
             April 27, 2026

                                    **STEVEN BANKS**
                                    Corporation Counsel of the
                                    City of New York
                                    Attorney for City Defendants
                                    100 Church Street, Room 2-124
                                    New York, New York 10007
                                    (212) 356-3580
                                    earbizo@law.nyc.gov


                    By:    _____
                                    Eric Arbizo
                                    Assistant Corporation Counsel


Cc:

10